IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2232-BO

TOM MCCALL, )
      Petitioner, )
)
v. ) O R D E R
)
BUTCH JACKSON, )
      Respondent. )

Tom McCall ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Butch Jackson ("respondent") moved to dismiss based on untimeliness and the filing of the petition outside the statute of limitations period (D.E. # 9). 28 U.S.C. § 2244(d)(1). Petitioner did not respond to the pending motion, and the matter is ripe for determination.

I.    Background

Petitioner is a prisoner of the State of North Carolina. On April 4, 2007, in the Superior Court of Columbus County, petitioner was convicted after trial by jury of two counts of second-degree murder and for driving while licence revoked. (Pet., # 5., and Respt.'s Mem. in Supp. of Mot. for Summ. J., Ex. 1). He was sentenced to a term of 180-225 months imprisonment. (Id.). Petitioner was represented at trial by Scott C. Dorman. (Respt's Mem). Petitioner appealed and on August 5, 2008, the North Carolina Court of Appeals issued a unpublished opinion finding no error. State v. McCall, 2008 N.C. App. LEXIS 1422 (2008). On appeal petitioner was represented by D. Tucker Charns. (Pet., # 16(e)).

Petitioner states on page 4, paragraph 11 of his pro se federal habeas application form, that he filed a motion for appropriate relief (MAR) in the Superior Court of Columbus County which was denied. However, the Columbus County Clerk of Superior Court's Office has no record of petitioner filing an MAR. Petitioner does not outline the procedural history of this alleged filing

and does not refute its non-existence given he does not respond to respondent's motion for dismissal based on the statute of limitations. On August 10, 2010, petitioner did file a belated pro se petition for discretionary review (PDR) in the Supreme Court of North Carolina of his August 5, 2008, unpublished opinion on direct appeal. (Respt.'s Mem. in Supp. of Mot. for Summ. J., Exhibit 5) On October 7, 2010, the PDR was denied. (Exhibit 6) Petitioner dated his pro se federal habeas application form October 21, 2010, and filed it in this Court on October 25, 2010.

II. Issues

Petitioner raises three issues in this petition:(1) ineffective assistance of trial and appellate counsel; (2) double jeopardy violations; (3) denial of due process of law; and (4) plain error of the trial court in failing to dismiss the charges of second-degree murder where the state failed to prove proximate cause.

III. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims
>   presented could have been discovered through the exercise of due
>   diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on Tuesday, September 9, 2008, i.e., 35 days after the Court of Appeals' August 5, 2008, unpublished opinion was filed. See, Gonzalez v. Thaler, __ S.Ct. ___, 2012 WL 43513 (2012). Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from Tuesday, September 9, 2008, for 365 days and fully expired on Wednesday, September 9, 2009. Because nothing was in place on that date, or any date prior to the year running which would toll the expiration of the limitations period, the petition is out of time. This pro se federal habeas

3

application form was dated October 21, 2010, and is over a year out of time. The matter is dismissed based on untimeliness.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, Respondent's motion for (D.E. # 9) for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 18 day of January 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE